

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 14, 1950

Hon. Claude Isbell
Executive Secretary
Board of Regents
Texas State Teachers Colleges
Austin, Texas

Opinion No. V-1133.

Re: Issuance of Revenue
Bonds under Article
2654c-1, V.C.S.

Dear Sir:

In your recent letter you state that the Board of Regents of the Texas State Teachers Colleges desires to issue certain bonds in behalf of one of the colleges for the purpose of constructing a classroom building and a boys' dormitory on the campus of the college, these bonds to be issued under the provisions of Article 2654c-1, V.C.S. (Acts 47th Leg., R.S., 1941, ch. 560, p. 908) and secured by a pledge of the building use fee authorized by such statute and a pledge of the net revenues to be derived from the operation of the boys' dormitory.

Section 7 of the statute provides that governing boards of the colleges "shall not be permitted to contract bonded indebtedness under the terms of this Act in excess of eighty (80) per cent of the amount which can be amortized with the revenues _from_ _said_ _building_ _use_ _fee_ estimated at the time of the authorization of such revenue bonds." (Emphasis added.)

You state that the contemplated bonds could not be amortized by eighty (80) per cent of the building use fee, but that such bonds can easily be financed by such fee and pledged net revenues of the dormitory, if the limitation imposed by Section 7 would not prevent the issuance thereof. Therefore, you wish to know whether the limitation contained in Section 7 is applicable where net revenues from the operation of the dormitory are pledged in addition to a pledge of the building use fee.

Article 2654c-1 authorizes the issuance of revenue bonds by the State institutions of higher learning named therein for the purpose of constructing and equipping buildings and power plants, the paving of streets, the purchase of land, and for such other capital improvements as may be needed from time to time. In order to pay the interest on and principal of such bonds, the governing boards of the institutions are authorized to charge students a building use fee of not less than Five Dollars ($5.00) per semester.

Moreover, in Section 6 of the statute it is provided:

". . . To assure the prompt payment of the principal and interest of said bonds, such Board is authorized to pledge all or any portion of the proceeds of the building use fee authorized in Section 1 of this Act, and said bonds may be additionally secured by a pledge of the net revenues from buildings and facilities to be constructed, acquired, or improved with the proceeds of such bonds and from other buildings or facilities heretofore or hereafter constructed or acquired."

Therefore, under the statute clearly the governing board has the authority to pledge not only the building use fee but also the net revenues of the buildings to be constructed.

Section 7 of the statute provides in part as follows:

"The governing Boards of the aforesaid institutions shall not be permitted to contract bonded indebtedness under the terms of this Act in excess of eighty (80) per cent of the amount which can be amortized with the revenues from said building use fee estimated at the time of the authorization of such revenue bonds. . . ."

The quoted language of Section 7, standing alone, is clear and unambiguous, and would appear to prohibit the issuance of any bonds "under the terms of this Act" unless the bonds could be paid with not more than 80% of the building use fee estimated at the time that the bonds are issued, regardless of whether net revenues of the improvements are

pledged also. Standing alone, the provisions of Section 7 would be "so explicit that it will admit of no construction." City of Houston v. Allred, 123 Tex. 334, 350, 71 S.W. 2d 251, 259 (1934).

However, it is a fundamental rule of statutory construction that the entire statute must be considered in arriving at the intent of the Legislature. It is our opinion that the Legislature intended no such construction to be placed on the provisions of Section 7.

Section 6 of the statute provides that, when the revenue bonds are secured solely by the building use fee, the governing body shall fix the amount of the fee (within the $5.00 maximum) sufficient to meet the bond requirements and set up a reasonable reserve in the interest and sinking fund. Section 6 also provides:

> ". . . When such bonds are secured in whole or in part by a pledge of the net revenues from buildings or facilities, it shall be the duty of such governing body to fix rentals and charges for the buildings and facilities whose net revenues are thus pledged, at rates sufficient to pay the maintenance and operation expense of such buildings and facilities and to produce net revenues which, together with the building use fee authorized in Section 1 of this Act, will be sufficient to pay the interest and principal of such bonds as they accrue and mature." (Emphasis added.)

The statute in Section 6 speaks of issuing bonds secured in whole by the net revenues pledged therefor. If Section 7 were given a literal interpretation, this provision would be meaningless. In other words, if bonds were payable solely from net revenues, as is provided in Section 6, then they could never be issued because of the 80% building use fee provision of Section 7.

It is our opinion that, construing the act as a whole, the Legislature intended that Section 7 should be literally followed only when the revenue bonds are secured solely by the building use fee. It is also our opinion that the Legislature established an 80% safety rule in an effort to preclude the possibility of insufficient funds to meet the bond requirements.

You are advised that it is the opinion of this office that, if the requirements of the bonds can be met with not more than 80% of the revenues of the building use fee and pledged net revenues estimated at the time of the authorization of the bonds, the provisions of Section 7 will be satisfied.

## SUMMARY

Revenue bonds secured by a building use fee and net revenues from building facilities may be issued on behalf of the State institutions of higher learning under Article 2654c-1, V.C.S., if the requirements of the bonds can be met with not more than 80% of the revenues of the building use fee and pledged net revenues estimated at the time of the authorization of the bonds, provided the proceedings are otherwise proper.

Yours very truly,

APPROVED:

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

GWS:em

PRICE DANIEL
Attorney General

By George W. Sparks
George W. Sparks
Assistant